# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2020

No. 20-40219
Summary Calendar

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Benjamin Llamas,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:18-CR-1336-4

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Benjamin Llamas pled guilty to conspiracy to possess with intent to distribute a synthetic cannabinoid mixture. He was sentenced to 168 months of imprisonment and three years of supervised release. On appeal, Llamas asserts that the district court plainly erred by accepting a factual basis for his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

plea that failed to establish his knowledge of the conspiracy or his voluntary participation in it.

To prevail on plain error review, Llamas must show a clear and obvious error that affects his substantial rights. If he does so, this court has the discretion to correct the error, but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc). In assessing the sufficiency of the factual basis under the plain error standard, this court "may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction." *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

To establish a conspiracy under 21 U.S.C. § 846, the Government must prove that (1) there was an agreement between two or more persons to violate federal drug laws; (2) the defendant knew of the agreement; and (3) the defendant voluntarily participated in the conspiracy. *United States v. Thomas*, 690 F.3d 358, 366 (5th Cir. 2012). Circumstantial evidence may be used to establish both the existence of a conspiracy and a person's voluntary participation. *Id.*

By pleading guilty and accepting the Government's factual basis without lodging a specific objection, Llamas accepted that he was part of a group that manufactured and distributed synthetic cannabinoids in the Corpus Christi area. Llamas's testimony at his sentencing hearing also referenced his involvement in the conspiracy, and he accepted being associated with two other named co-conspirators. The Government also presented evidence that Llamas used his Facebook account to advertise synthetic cannabinoids for sale and to connect with buyers, and that he engaged in hand-to-hand drug transactions. The evidence further showed that Llamas had ties to an apartment belonging to one of his co-conspirators.

No. 20-40219

Officers observed that Llamas engaged in drug sales from this apartment. A search warrant executed after Llamas's arrest revealed a synthetic cannabinoid laboratory located there. These facts gleaned from the plea colloquy and relied upon in the presentence report, as well as inferences fairly drawn from evidence presented at the sentencing hearing, support the adequacy of the factual basis. *See Trejo*, 610 F.3d at 317; *see also United States v. Dean*, 59 F.3d 1479, 1486 (5th Cir. 1995). Llamas has failed to establish a clear or obvious error. *Marek*, 238 F.3d at 315.

The judgment is AFFIRMED.